UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RANDALL STORY,                      )
                                    )   No. C07-139RSL
            Plaintiff,              )
    v.                              )
                                    )   ORDER DENYING PLAINTIFF'S
THE M/T ALLEGIANCE, *et al.*,       )   MOTION TO COMPEL
                                    )
            Defendants.             )
_____ )

This matter comes before the Court on "Plaintiff's Motion to Compel Response to Plaintiff's Request for Admission No. 8" (Dkt. #16). In his motion, plaintiff requests that the Court compel defendant to answer the following request for admission:

> If plaintiff had been declared not-fit-for-duty by a doctor in Singapore on October 23, 2006, and not allowed to return to his duties until at least November 16, 2006, plaintiff would have been removed from the vessel, repatriated to the United States, and replaced by another QMED seamen [sic].

See Dkt. #16 (Plaintiff's Second Requests for Admission and Response Thereto, Request for Admission No. 8). Defendant objected to this request claiming that it "seeks an admission as to a hypothetical." Id. at 3 (citing Abbott v. United States, 177 F.R.D. 92, 93 (N.D.N.Y. 1997).

The Court finds that defendant's objection is justified. In his reply, plaintiff states that "Request for Admission No. 8 asks defendant to admit that it would have been required to act in a particular manner if it had been confronted with a specified set of facts." See Reply (Dkt. #21) at 1 (emphasis in original). The "facts" in Request for Admission No. 8, however, are unrelated

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

to the facts of this case because plaintiff did not see a doctor in Singapore. See Dkt. #1 (Complaint) at ¶10 ("The plaintiff did not seek medical attention in Singapore, preferring to be treated in the United States."). And, as plaintiff's statement in his reply shows, plaintiff is requesting a legal conclusion in response to his request for admission. See Reply at 1 (asking defendant "to admit that it would have been required to act in a particular manner"). Requests for admissions of law unrelated to the facts of a case are improper. See Fed. R. Civ. P. 36 advisory committee's notes (1970 Amendments, subdivision (a)) (stating that the Rule "does not authorize requests for admissions of law unrelated to the facts of the case."); Abbott, 177 F.R.D. at 93 ("[P]laintiffs have posed improper factual scenarios unrelated to the facts here to ascertain answers to pure questions of law. This they cannot do."); Disability Rights Counsel of Greater Washington v. Washington Metro. Area Transit Auth., 234 F.R.D. 1, 6 (D.D.C. 2006) ("[I]t would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts.").

For all the foregoing reasons, "Plaintiff's Motion to Compel Response to Plaintiff's Request for Admission No. 8" (Dkt. #16) is DENIED.[1]

DATED this 24th day of September, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Given that discovery is set to be completed by October 7, 2007 (Dkt. #14), plaintiff is hereby granted leave to serve a revised request for admission by October 1, 2007. Defendant shall respond to the revised request, if any, by October 15, 2007. The parties shall comply with Local Civil Rule 37 before filing any future motions with the Court regarding this issue. Although the alternatively phrased request for admission in plaintiff's reply is not before the Court, the Court cautions plaintiff that the rephrased request improperly calls for defendant to admit the truth of a legal conclusion. See Dkt. #21 ("Admit that Coast Guard regulations, the collective bargaining agreement and the general maritime law require that a seaman who is found not-fit-for-duty for more than a few days be repatriated and replaced by a new crewmember [sic] as soon as an inspected U.S.-flagged vessel puts into a foreign port.").

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL                -2-